IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-06-CA-35-FM |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Carlos Rodriguez's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition") [Docket No. 9]. Therein, Rodriguez challenges his conviction for aggravated assault on a public servant.[1] He asserts his trial and appellate counsel provided ineffective assistance by failing to seek out and interview eyewitnesses. In his "Answer" [Docket No. 11], Respondent avers "[t]he writ should be denied because Rodriguez has failed to establish that the state courts' rejection of his complaints was objectively unreasonable."[2] After carefully examining the record and for the reasons set forth herein, the Court will deny Rodriguez's Amended Petition. Additionally, the Court will *sua sponte* deny Rodriguez a certificate of appealability.

I.   **BACKGROUND**

On the afternoon of September 21, 2001, Kellie Soria took her thirteen-month-old daughter to a Wal-Mart store in Northeast El Paso, Texas. After completing their shopping, the

---

[1] *State v. Rodriguez*, No. 20010D05247 (384th Dist. Ct., El Paso County, Tex. Oct. 31, 2002).

[2] Resp's Answer 1.

two returned to Soria's car, a white Honda CRV. Soria started the engine to run the air conditioner before strapping her daughter in the middle of the rear seat. While Soria was leaning into the seat, Rodriguez and another man, Luis Moreno, approached her. Rodriguez asked if Soria had change for a five dollar bill. When Soria said no, one of the men exposed a handgun tucked in his waistband and said they were going to take her CRV.

Rodriguez got in the driver's seat and put the car in forward gear. As the car started moving, Soria jumped into the back seat. She choked Rodriguez and screamed until he pulled out the handgun and aimed it over his shoulder at Soria and her daughter. Soria responded by taking her daughter in her arms and crouching down behind the front seat. Soria also grabbed her cell phone from her purse and, when the car stopped, jumped out. Soria called 911 and waited for the police.

El Paso Police Department Patrolmen Snyder and Talavera, in full uniform and driving a marked patrol car, were near the Wal-Mart when they heard a radio broadcast alerting them to an armed robbery and describing Soria's white Honda CRV. The officers entered a freeway and saw a white Honda CRV weaving in and out of the traffic behind them. They activated the patrol car's emergency lights and blocked the traffic behind them. When the two officers got out of the car and started walking toward the CRV, Rodriguez drove it into the median, around the blocked traffic, and onto the freeway. The officers returned to their car and chased the CRV.

With Officers Snyder and Talavera in pursuit, Rodriguez exited the freeway by an overpass and drove toward an entrance to Fort Bliss. A closed chain link gate at the bottom of the overpass blocked the fort's entrance and their escape. Rodriguez stopped the CRV and both men jumped out. Rodriguez ran back up the overpass and dove head first over the rail. Officer

Talavera grabbed Rodriguez's right leg as he was going over the rail, leaving Rodriguez hanging upside down just off the ground and against the overpass wall. Officer Talavera told Rodriguez he was under arrest and ordered him to pull himself back up. After struggling for a few moments, Rodriguez asked Officer Talavera for help and extended his right hand toward the officer. Officer Talavera refused because he could not see Rodriguez's left hand. When Rodriguez exposed his left hand, it held a knife which he pointed it at the officer. Officer Talavera, still holding Rodriguez's leg, pulled away, drew his handgun, and trained it on Rodriguez. Rodriguez dropped the knife, but was able to wiggle his leg loose from the officer's grip. Rodriguez dropped to ground, got up, and started running. Another police officer intercepted and arrested Rodriguez a few minutes later.

A state grand jury sitting in El Paso County indicted Rodriguez for aggravated robbery, endangering a child, aggravated assault on a public servant, evading arrest, and aggravated kidnaping. After Rodriguez pleaded not guilty to all the charges, a jury found him guilty of aggravated assault on a public servant, but not guilty on the remaining counts. Following a separate punishment hearing, the same jury assessed a sixty-five year prison sentence.

Rodriguez raised three issues in his direct appeal.[3] First, Rodriguez asserted the trial court erred by failing to charge the jury on a lesser offense of assault. He explained the lesser included offense instruction was required because he claimed there was some evidence he did not use a deadly weapon. Second, Rodriguez claimed the evidence was insufficient to support the conviction. He said he merely pulled the knife out of his pocket to avoid cutting or stabbing

---

[3] *Rodriguez v. State*, No. 08-02-00481-CR, 2004 WL 1903544 (Tex. App.-El Paso Aug 26, 2004, no pet.).

himself, and not to threaten the officer. Third, Rodriguez averred the trial court erred by failing to provide an instruction under Section 2.05 of the Texas Penal Code regarding presumptions. Rodriguez said it was arguable he did not know Officer Talavera was a police officer. After reviewing the record, the Court of Appeals for the Eighth District of Texas overruled Rodriguez's issues and affirmed the trial court's judgment.

Rodriguez then filed an application for a state writ of habeas corpus.[4] Therein, Rodriguez claimed his trial attorney, Patrick Lara, was made aware of two eyewitnesses but failed to ascertain whether their testimony would be useful to his defense.[5] He also asserted his appellate counsel, Matthew DeKoatz, failed to present affidavits[6] prepared by the two eyewitnesses to the incident in his direct appeal.[7] After reviewing relevant court records and the writ application, the trial court found (1) Rodriguez never provided the names of the two eyewitnesses to his trial counsel, and (2) Rodriguez provided the names and affidavits of the two eyewitnesses to his appellate counsel some five weeks after the Eighth Court of Appeals issued its opinion affirming Rodriguez's conviction[8]. The trial court accordingly concluded Rodriguez's claims that his trial and appellate counsel provided ineffective assistance were without merit.[9] The Texas Court of

---

[4] *Ex parte Rodriguez*, WR-63,712-01 (Tex. Crim. App. Jan. 4, 2006).

[5] State Habeas R. at 883.

[6] *Id.* at 900 & 902 (Aff. of Sandra Moreno and Aff. of Veronica Rodriguez DeVital).

[7] *Id.* at 883.

[8] *Id.* at 943.

[9] *Id.*

Criminal Appeals thereafter denied Rodriguez's application without written order on the findings of the trial court.

In his instant Petition, Rodriguez raises two claims. First, Rodriguez asserts Lara provided ineffective assistance when he failed to seek out and interview two eyewitnesses. Affidavits attached to his Petition indicate Sandra Moreno and Veronica Rodriguez De Vital observed Rodriguez throw or drop a knife to the ground while hanging upside down on the overpass.[10] Second, Rodriguez maintains DeKoatz provided ineffective assistance when the failed to (1) seek out and interview eyewitnesses Moreno and De Vidal, (2) file affidavits signed by Moreno and De Vital with the Eighth Court of Appeals, and (3) file a motion for a new trial.

## II. LEGAL STANDARD

The federal courts' role in reviewing state prisoner habeas corpus petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[11] They must generally defer to state court decisions on the merits[12] and on procedural grounds.[13]

According to § 2254(d), a federal court should deny a claim decided by a state court on the merits unless the adjudication:

---

[10] Mem. in Supp. of Application for Writ of Habeas Corpus [Docket No. 2] (Aff. of Sandra Moreno and Aff. of Veronica Rodriguez De Vital).

[11] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[12] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[13] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[14]

Thus, relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.[15] Relief is also available if the state court identifies the correct legal principle under clearly established federal law, but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination.[16] Accordingly, a federal court will not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[17] Further, state court determinations of underlying factual issues are presumed correct, and a petitioner has the burden to rebut the presumption with clear and convincing evidence.[18] Finally, mere disagreement with a state court is not enough; the standard is one of objective reasonableness.[19]

With these principles in mind, the Court turns to Rodriguez's claims.

---

[14] 28 U.S.C.A. § 2254(d) (West 2008).

[15] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

[16] 28 U.S.C.A. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

[17] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[18] 28 U.S.C.A. § 2254(e)(1).

[19] *Montoya*, 226 F.3d at 404.

III. **ANALYSIS**

    *A.*   *Ineffective Assistance of Counsel*

In his Petition, Rodriguez asserts his trial counsel, Lara, provided ineffective assistance when he failed to seek out and interview two eyewitnesses. Rodriguez also maintains his appellate counsel, DeKoatz, provided ineffective assistance when the failed to seek out these same eyewitnesses and file their affidavits with the Eighth Court of Appeals. Respondent answers Rodriguez merely restates claims rejected in his state habeas application without attempting to show the state court's conclusions were contrary to, or involved an unreasonable application of, clearly established federal law.

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.[20] A petitioner must meet both prongs of this test to demonstrate ineffective assistance.[21] Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.[22]

Further, before a federal court may grant habeas relief on an ineffective assistance of counsel claim filed pursuant to § 2254, it must first find that the state court unreasonably applied

---

[20] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[21] *Id.* at 697.

[22] *Id.* at 689.

the applicable standard.[23] Federal courts give great deference to a state court's factual findings.[24] A factual determination made by a state court is presumed to be correct.[25] The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[26] When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption.[27]

After reviewing relevant court records and the writ application, the state trial court entered findings of fact refuting Rodriguez's allegations of ineffective assistance of counsel and recommended that habeas relief be denied.[28] The Texas Court of Criminal Appeals thereafter denied relief based upon the trial court's findings. Rodriguez has failed to offer any evidence which would rebut the presumptive correctness of the findings. Thus, the court must defer to those findings.[29]

Further, Lara's affidavit prepared in response to Rodriguez's ineffective assistance of counsel claim in his state application says in part that, "aside from his family, [Rodriguez] offered no other witnesses to present any other evidence to challenge the facts of this case . . .

---

[23] *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 413(2000)).

[24] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000).

[25] 28 U.S.C.A. § 2254(e)(1).

[26] *Id.*

[27] *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

[28] State Habeas R. at 943.

[29] 28 U.S.C.A. § 2254(e)(1).

[and] never provided the names that were listed in his writ application."[30] Further, the state habeas record shows Rodriguez gave the names and affidavits of his eyewitnesses to DeKoatz only after the Eighth Court of Appeals issued its opinion affirming Rodriguez's conviction.[31] "'[W]hen a defendant blocks his attorney's efforts to defend him . . . he cannot later claim ineffective assistance of counsel.'"[32] Additionally, complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.[33] In the instant case, the eyewitnesses merely stated in their affidavits that they observed Rodriguez throw or drop a knife to the ground while hanging upside down on the overpass.[34] This testimony was not exculpatory and, had it been offered at trial, would likely not have resulted in a different outcome. Rodriguez cannot therefore show the level of prejudice needed for relief under the applicable standard. The Court accordingly concludes Rodriguez has failed to demonstrate that the state habeas court's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law.

---

[30] State Habeas R. at 919-20.

[31] *Id.* at 943.

[32] *Sonnier v. Quarterman*, 476 F.3d 349 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 374 (2007) (quoting *Roberts v. Dretke*, 356 F.3d 632, 638 (5th Cir.2004)); *see also Hall v. Washington*, 106 F.3d 742 (7th Cir. 1997) (holding a defendant waives his claim for ineffective assistance of counsel if his refusal to cooperate causes his attorney's deficient performance).

[33] *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984).

[34] State Habeas R. at 919-20 (Aff. of Sandra Moreno and Aff. of Veronica Rodriguez De Vital).

B.     *Failure to File Notice of Appeal*

Rodriguez also complains he was denied effective assistance of counsel when his appellate attorney, DeKoatz, failed to file a motion for a new trial.[35] Respondent answers Rodriguez failed to properly present this allegation in his state application. As a result, according to Respondent, Rodriguez's claim is unexhausted and, because the Texas Court of Criminal Appeals would now find the allegation procedurally barred, the Court may not grant relief.

A petitioner seeking § 2254 habeas corpus relief must exhaust all his claims in a state court before requesting federal collateral relief.[36] A petitioner satisfies the exhaustion requirement when he fairly presents the substance of his federal habeas claims to the state's highest court.[37] This requires the applicant to present his claims in a procedurally proper manner according to the rules of the state court and give the state court a fair opportunity to pass on them.[38] A Texas petitioner may satisfy the exhaustion requirement by presenting both the factual and legal basis for his claims in a state habeas application pursuant to Texas Code of Criminal Procedure article 11.07.[39]

---

[35] In fact, DeKoatz did file a motion for a new trial. *See* State Habeas R. at 181-82.

[36] 28 U.S.C.A. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[37] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

[38] *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

[39] TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

Additionally, a federal court may apply a procedural bar to claims when it is clear that the state court system would find them barred.[40] Further, the normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply where a petitioner fails to exhaust his state court remedies and the state court would now find his claims are procedurally barred.[41] In such cases, the federal procedural default doctrine precludes a federal habeas corpus review.[42] To overcome this bar, a petitioner must demonstrate either cause and prejudice for his default or that a fundamental miscarriage of justice would result from the court's refusal to consider his claims.[43]

A comparison of the claims alleged in Rodriguez's state habeas application to those alleged in his § 2254 Petition reflects they are identical with one exception. In his Petition, Rodriguez asserts for the first time that DeKoatz failed to file a motion for a new trial. Clearly, Rodriguez had the opportunity to raise this allegation in his state writ and failed to do so. Moreover, he does not even attempt to explain his failure or argue a fundamental miscarriage of justice will result from the Court's failure to consider his claim. Absent a showing state remedies are inadequate, which Rodriguez has not demonstrated, he may not now proceed on this claim in this Court.[44] Further, Texas Code of Criminal Procedure article 11.07 § 4 precludes

---

[40] *Coleman*, 501 U.S. at 735.

[41] *Id.* at 735 n.1.

[42] *Id.*; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

[43] *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995) (citing *Coleman*, 501 U.S. at 750-51).

[44] *See* 28 U.S.C.A. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

consideration of a subsequently filed state habeas application asserting issues which existed at the time the prisoner's first writ was filed.[45] Thus, should Rodriguez now present this claim in yet another state writ application, the Texas Court of Criminal Appeals would find review procedurally barred under the Texas abuse of the writ doctrine.[46] Accordingly, the Court must reject Rodriguez's attempt to circumvent the state courts by presenting his unexhausted allegation in the instant Petition.

## IV.  CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a certificate of appealability before an appeal may proceed in this matter.[47] "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . .'"[48]

A justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right."[49] This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[45] TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4.

[46] *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) ("We have previously determined that [Texas Code of Criminal Procedure Article 11.07] § 4 was intended 'to limit a convicted person to one bite at the apple.'") (quoting *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997)).

[47] 28 U.S.C.A. § 2253 (West 2008); *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

[48] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

[49] 28 U.S.C. § 2253(c)(2).

encouragement to proceed further."[50] Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[51] On the other hand, when the Court denies relief based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."[52]

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument.[53] After considering Rodriguez's pleadings and the entire record, the Court concludes that a reasonable jurists would not find the Court's procedural or substantive rulings debatable; therefore, the Court will not issue a certificate of appealability from its decision.

## V.  CONCLUSION AND ORDERS

After carefully reviewing the Petition, Answer, and record in this cause, the Court concludes Rodriguez is not entitled to § 2254 relief. Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Carlos Rodriguez's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 9].

---

[50] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).

[51] *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

[52] *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).

[53] *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

2. The Court **DENIES** Rodriguez a **CERTIFICATE OF APPEALABILITY**.

3. The Court additionally **DENIES AS MOOT** all pending motions, if any, in this cause.

**SO ORDERED.**

**SIGNED** this ____26____ day of **September 2008**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**